UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20551-CIV-COHN

JEAN LUBIN,

Magistrate Judge White

    Petitioner,

vs.

JAMES MCDONOUGH,

    Respondent.
_____/

### ORDER GRANTING IN PART PETITIONER'S RULE 60(b) MOTION
### ORDER VACATING FINAL ORDER
### ORDER ALLOWING PETITIONER TO FILE OBJECTIONS TO REPORT

**THIS CAUSE** is before the Court upon reassignment of the case to the undersigned [DE 18] and Petitioner Jean Lubin's Motion for Relief from An Order [DE 17].[1] The Court has carefully considered the Motion and is otherwise fully advised in the premises.[2]

Petitioner Jean Lubin ("Petitioner") is currently serving a life sentence in state prison. On March 1, 2007, Petitioner filed a timely § 2254 petition challenging his conviction for first degree murder and burglary with an assault therein. The prior United States District Court judge denied the petition by adopting the Report and Recommendation of United States Magistrate Judge Patrick A. White. Petitioner alleges in his motion that he never received the State's Response to Order to Show

---

[1] Petitioner's *pro se* Motion is entitled "Motion for Relief from an Order." Based on the substance of the Motion, the Court shall treat it is a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).

[2] Rather than direct the Respondent to file a response, the Court assumes that the Respondent opposes the relief requested.

Cause, nor the Magistrate Judge's Report and Recommendation, nor the prior District Judge's denial of his petition.  He now moves under Rule 60(b)(6) for relief in the form of the issuing to him the State's Response and docket entries 8 through 14, along with vacating the final order denying his petition and allowing him to file a reply to the State's Response.

Rule 60(b)(6) states that a party may move for relief from a final order for "any other reason that justifies relief."  In Gonzalez v. Crosby, 545 U.S. 524, 532 (2005), the Supreme Court stated that a Rule 60(b) motion is an appropriate remedy in a habeas case where the petitioner "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  In this case, Petitioner has alleged that he never received the State's Response, the Magistrate's Report and the prior district judge's final order.  Petitioner states that the mail system at Everglades Correctional Institution either failed to forward the mail to him or did not receive the mail.  Petitioner has been incarcerated at Everglades since inception of this action.

Upon review of the docket of this case, the Court determines that the docketing system did not automatically send out copies to Petitioner, though the State's Response contains a certificate of service stating that Petitioner was sent a copy.  In fact, Petitioner's own motion for leave to file a reply to the State's Response [DE 11] indicates that Petitioner did receive the State's Response.  However, the Court did not find a record indicating that the Magistrate's Order granting leave to file a reply, Report

2

and Recommendation, nor the prior district judge's final order were sent to Petitioner.[3] It is reasonable to conclude that Petitioner was denied an opportunity to file objections to the Magistrate's Report and Recommendation.

In his motion, Petitioner contends that equitable tolling is appropriate to allow him to oppose the denial of his petition because he was never on notice of the interim court rulings prior to the final denial of his petition. Petitioner states that he mistakenly assumed that the Court was overwhelmed with petitions and the lengthy delay in resolving his petition was not cause for alarm. Even if the state opposes the requested relief, the interest of justice requires the Court to grant partial relief to Petitioner.

The Court concludes that it will vacate the prior district judge's final order, but not vacate the Magistrate Judge's Report and Recommendation. There is evidence in the record, from Petitioner himself, that he had in fact received the State's Response and requested an extension to reply. Even though he may have never received the order granting him leave to file a reply, Petitioner had everything he needed to file such a reply, but he failed to do so.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Jean Lubin's Motion for Relief from Judgment [DE 20] is **GRANTED in part** and **DENIED in part**, as explained above;

2. The Court's Order Adopting Report and Recommendation and Dismissing Case [DE 14] is hereby **VACATED**;

---

[3] The automated Case Management/Electronic Case Management system, which went live in October of 2006, does not indicate that those court orders were sent to Petitioner, though the orders themselves list Mr. Lubin on the recipient list. It is possible, therefore, that these orders were never sent to Petitioner.

3. The Court will attach a copy of the Report and Recommendation to this Order, and give Petitioner thirty (30) days from today's date to file a response (January 14, 2011).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of December, 2010.

／s／ James I. Cohn
JAMES I. COHN
United States District Judge

copies to:

Jean Lubin, *Pro Se*
DC #428690
Everglades C.I.
1599 SW 187th Avenue
Miami, FL 33194

Attorney General's Office (via CM/ECF)